THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLORIA JENKINS, Defendant-Appellant.

(No. 57042;

First District (1st Division)—February 19, 1974.

Edward M. Genson, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Gloria Jenkins, defendant, was charged by a criminal complaint with the offense of theft in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)). After a bench trial, defendant was found guilty and sentenced to a term of one-year

probation on condition that she serve ninety-days imprisonment in the Cook County jail. Defendant appeals.

At the trial, the following evidence was adduced: Mrs. Aquiline Segler, a security employee of the Carson Pirie Scott & Co. store located at 9700 S. Western Avenue, Evergreen Park, Illinois was called as a witness by the People. Mrs. Segler testified that while she was conducting a final tour of the store prior to closing time, she observed the defendant, Gloria Jenkins, on the third floor of the store stooping over a counter from which defendant took several bags. When the defendant proceeded into the linen department of the store with the bags, Mrs. Segler alerted her "male back-up", Mr. Powers, as to her need for assistance. During a five-to-ten minute period Mrs. Segler observed the defendant take merchandise from the counter and place it in the bags, including a plaid mohair rug and a pillow (People's Exhibits No. 1 and No. 2). The defendant moved around several display counters and started toward the escalator, which was located in the opposite direction from the cash register. Mrs. Segler further testified that Mr. Power pursued the defendant, at which point the defendant dropped the bag in which she had placed the rug and pillow and went down the escalator. The defendant was apprehended by Mr. Powers and taken to another area of the store where she was interrogated. The bag which contained the rug and pillow (People's Exhibits No. 1 and No. 2) was retrieved by Mr. Powers.

Mrs. Dorothy Cunningham, called as a witness by the People, testified that on the date of this incident, January 22, 1971, she was employed as the chief of security by Carson Pirie Scott & Co. She testified that on January 22, 1971, at approximately 9:30 P.M. she observed the defendant on the third floor of the store. Mrs. Cunningham further testified that at that time she saw the defendant running from the linen department to the escalator and the defendant threw the bag which contained the merchandise just before she got on the escalator which operated from the third floor to the second floor of the store. She observed Mr. Powers pursuing the defendant and stated that while the defendant was running toward the escalator, defendant Jenkins had one bag in her hand.

Detective Russell Moline of the Evergreen Park Police Department, called as a witness by the People, testified that he did not arrest the defendant but that the normal police practice is to inventory, by numbers, the personal property of the arrested person. Officer Moline testified that in the present case an inventory would have been taken of the personal property of defendant Jenkins. The officer then testified that the number 72967 which was written on various exhibits denoted the inventory number given by the Evergreen Park Police Department.

The defendant testified on her own behalf. She stated that she went

to the third floor linen department of Carson Pirie Scott & Co. to purchase a pillow which she had noticed on a previous shopping trip. The sales lady assisted her in the selection of a pillow and she waited her turn to make the purchase. When she received her receipt for the pillow, she walked forward to the elevator. The pillow and the respective sales receipt, showing the date of purchase and the price, were identified and marked as defendant's Exhibits No. 1 and No. 2, respectively. The defendant further testified that she was stopped on the second floor by a male security officer. The officer placed the defendant in the custody of another man and returned upstairs. Shortly thereafter, he returned to the second floor and took the defendant down to the basement of the store.

The defendant testified that Mrs. Segler was in the process of interrogating two other women when she arrived at her office. Mr. Powers was carrying a bag which contained defendant's scarf and coin purse (defendant's Exhibit No. 3). The defendant stated that it was subsequent to this time that Mr. Powers brought the allegedly stolen items to Mrs. Segler's office.

Defendant argues that the trial committed error in refusing the timely demand by defendant's counsel to inspect, for impeachment purposes, a document used by one of the People's principal witnesses to refresh her recollection.

Defendant's argument is directed to the testimony of Mrs. Aquiline Segler, who testified that, pursuant to her employment, she had prepared a written report to her employer relative to defendant's arrest. The witness stated that she had part of the report with her at the time she testified and the purpose of the report was to refresh her memory. Defendant's counsel made a timely demand to view the document for impeachment purposes. The People objected to the demand and the objection was sustained by the trial judge.

Defendant, relying principally upon the decisions of the Illinois Supreme Court in *People v. Wolff*, 19 Ill.2d 318, 167 N.E.2d 197, and *People v. Scott*, 29 Ill.2d 97, 193 N.E.2d 814, argues that the trial judge's ruling denying defense counsel's demand to examine Mrs. Segler's report constitutes prejudicial error.

The People, in response, concede that it was error for the trial judge to deny defense counsel the opportunity to inspect the material used by Mrs. Segler prior to the trial to refresh her recollection as to the events relative to defendant's arrest. (*People v. Scott*, 29 Ill.2d 97, 193 N.E.2d 814.) The People maintain, however, that the denial of defense counsel's demand was harmless error and is not cause for reversal. The People contend that in the present case the trial judge, as trier of fact, examined

the report prepared by the witness prior to his denial of the demand of the defendant and that in this context it cannot be said that the defendant was prejudiced by her inability to use the report for impeachment purposes.

From our examination of the record it is not possible to determine whether the trial judge did, in fact, examine Mrs. Segler's report. In addition, defendant's counsel on appeal, who was also the trial attorney representing defendant, has stated in defendant's reply brief, "that the trial judge did request permission to look at those notes, which procedure was objected to by the defendant, and that the trial judge never, in fact, examined the notes in question."

In *People v. Wolff,* 19 Ill.2d 318, 327, 167 N.E.2d 197, 201-02, the Illinois Supreme Court enunciated the rule which we believe is applicable to this case:

> "Accordingly, we adopt the view that where no privilege exists, and where the relevancy and competency of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of the witness sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused."

We believe that it is significant to observe that the record in the present case reflects that the Assistant State's Attorney representing the People did not object to defendant's demand to inspect Mrs. Segler's report on the basis that it contained matter which did "not relate to the testimony of the witness sought to be impeached." Rather, the basis of the People's objection was that Mrs. Segler was not a police officer and that security officers employed by private corporations are not compelled to make their reports available. We can perceive no rational basis which would justify a rule distinguishing between reports prepared by police officers employed by a municipality or the state government and those prepared by police officers or security officers employed by private corporations.

In the present case we are of the opinion that no privilege existed as to the report of Mrs. Segler. Moreover, the relevancy and competency of the report had been established and therefore the trial judge should have ordered that the report be delivered directly to the accused for her inspection and use for impeachment purposes. We are of the opinion that the trial judge's refusal to permit defendant to examine Mrs. Segler's

report constituted prejudicial error and necessitates the reversal of the judgment and the remandment of this cause for a new trial.

Defendant also maintains that the evidence presented in this case fails to prove her guilt beyond a reasonable doubt. In view of the fact that this cause must be reversed and remanded, we are of the opinion that no useful purpose would be served by a lengthy recitation of evidence as it pertains to this contention. Suffice it to say that there was ample evidence presented to the trial judge for his determination of the issue as to whether the defendant was proved guilty beyond a reasonable doubt.

For these reasons the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed.

Judgment reversed and cause remanded with directions.

EGAN, P. J., and GOLDBERG, J., concur.